# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| AMBROSIA COX-KILGORE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-01056 |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF ILLINOIS D/B/A OSF | ) |
| SAINT FRANCIS MEDICAL CENTER, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Ambrosia Cox-Kilgore ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against University of Illinois d/b/a OSF Saint Francis Medical Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Ambrosia Cox-Kilgore, resides in Peoria County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, University of Illinois d/b/a OSF Saint Francis Medical Center is a employer in and for Peoria County, Illinois, whose address is 530 NE Glen Oak Avenue #401 Peoria, IL 61604.

11. At all times relevant, Plaintiff was employed and worked at Defendant's location at 530 NE Glen Oak Avenue #401 Peoria, IL 61604.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a medical assistant on or about April 20, 2022.

13. Since at least June 1, 2022 through July 20, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's

protected class.

14. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated on the basis of her race and for engaging in protected activity under Title VII.

15. On or about June 6, 2022 upon returning to work from Plaintiff's vacation, Plaintiff was assigned a new Medical Assistant Trainer, Stacy (Caucasian) (last name unknown).

16. Plaintiff had been training with a different trainer with no issues.

17. Since the first day training with Stacy, she refused to assist Plaintiff or train me in any way.

18. Plaintiff went to the Office Manager Janet (last name unknown) to let her know and all she said was, "you need to keep up," and walked away.

19. On or about June 7, 2022, Stacy started referring to me as "girl" or "girly".

20. Due to the racial overtones of being called girl, Plaintiff told Stacy that was not my name and Plaintiff asked Stacy to please call her by her name.

21. Stacy never stopped and intentionally referred to be as "girl".

22. Accordingly, Stacy's race-based harassment was detrimental to Plaintiff because Plaintiff was reminded of the oppression of being called "girl" as an African-American.

23. During slavery and into the Jim Crow era black adult men were referred to as "boy" and women as "girl"—a constant reminder that black people were deemed infantile and not deserving of respect or proper titles even well into adulthood.

24. Plaintiff adamantly told Stacy to stop referring to her as "girl" because the racial implications.

25. On or about July 13, 2022, Plaintiff sent an email to HR reporting Stacy and the racial nature referring to Plaintiff as "girl" or "girly", and how she still refused to call Plaintiff by

her name.

26. Soon after sending the email to HR, Plaintiff's Supervisor came to her, and said, Plaintiff was being "aggressive".

27. This is the beginning of the retaliation Plaintiff was subjected.

28. Plaintiff had a right to oppose race-based harassment and discriminatory treatment and Defendant declared it aggressive even though Plaintiff acted cordial despite being targeted on the basis of her race.

29. Plaintiff simply requested to be called by her name.

30. On or about July 22, 2022, just one week after emailing HR, Plaintiff was terminated without cause.

31. Plaintiff was terminated on the basis of her race and for engaging in protected activity under Title VII.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

34. Defendant subjected Plaintiff to disparate treatment on the basis of her race and was treated less favorably than other similarly situated employees outside of Plaintiff's protected class.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated on the basis of her race.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of Title VII of the Civil Rights Act of 1964.

37. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

38. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. Defendant knew or should have known of the harassment.

41. The race harassment was severe or pervasive.

42. The race harassment was offensive subjectively and objectively.

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

45. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

46. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

47. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

48. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

50. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

51. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

52. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race -based harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

54. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of February, 2023.

                                /s/ *Nathan C. Volheim*
                                **NATHAN C. VOLHEIM, ESQ.**
                                IL Bar No.: 6302103
                                **SULAIMAN LAW GROUP LTD.**
                                2500 S. Highland Avenue, Suite 200
                                Lombard, Illinois 60148
                                Phone (630) 568-3056
                                Fax (630) 575 - 8188
                                nvolheim@sulaimanlaw.com
                                *Attorney for Plaintiff*

                                /s/ *Chad W. Eisenback*
                                **CHAD W. EISENBACK, ESQ.**
                                IL Bar No.: 6340657
                                **SULAIMAN LAW GROUP LTD.**
                                2500 S. Highland Avenue, Suite 200
                                Lombard, Illinois 60148

Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*